**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**ROBERT J. KUNZ,**

                             **Plaintiff,**

    vs.                                          **6:14-CV-1471
                                                              (MAD/TWD)**

**ROGER BRAZILL and SANDRA J. DOORLEY,**
                                  **Defendants.**

_____

**APPEARANCES:**                        **OF COUNSEL:**

**ROBERT J. KUNZ**
03-B-1730
Marcy Correctional Facility
Post Office Box 3600
Marcy, New York 13403
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On December 5, 2014, Plaintiff commenced this action *pro se* pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. Plaintiff alleges that in connection with his arrest and conviction on sexual assault charges, Defendant Sandra J. Doorley ("Defendant Doorley"), the prosecuting assistant district attorney, violated "his constitutional rights to due process and equal protection under Article 1, § § 6 and 11 of the New York State Constitution and his rights to due process and equal protection under the Fifth and Fourteenth Amendments." Dkt. No. 11 at 4; *see also* Dkt. No. 1 at 7-16. Plaintiff also alleges that Defendant Roger Brazill ("Defendant Brazill"), Plaintiff's defense counsel on the charges, rendered ineffective assistance of counsel in violation of Plaintiff's Sixth Amendment rights. Dkt. No. 11 at 4-5; *see also* Dkt. No. 1 at 7-16.

In an Order and Report-Recommendation dated January 29, 2015, Magistrate Judge Therese Wiley Dancks granted Plaintiff's application to proceed in forma pauperis ("IFP") and reviewed the sufficiency of Plaintiff's complaint. *See* Dkt. No. 11. Magistrate Judge Dancks first found that any "§ 1983 claims asserted against Defendants by Plaintiff, and any proposed amendment thereof, are futile because the applicable statutes of limitations have expired." *Id.* at 5. Magistrate Judge Dancks then found that even if the statute of limitations had not expired, Plaintiff had failed to state a claim against either of the Defendants under § 1983. *Id.* at 7. In regard to Defendant Brazill, Magistrate Judge Dancks found that as a public defender performing an attorney's traditional function as defense counsel, Defendant Brazill was not acting under color of state law and thus was not liable under § 1983. *Id.* at 8. Magistrate Judge Dancks further found that Plaintiff's allegations did not "make a plausible showing that [Defendant] Brazill willfully participated with [Defendant] Doorley in the violation of Plaintiff's constitutional rights." *Id.* Magistrate Judge Dancks also found that Defendant Doorley is "entitled to absolute immunity with regard to the claims asserted against her in the Complaint" because she was engaged in prosecutorial functions in the conduct alleged and not investigative functions that would subject her to only qualified immunity. *Id.* at 9. Next, Magistrate Judge Dancks found that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's claims, because under *Heck*, Plaintiff's conviction must be overturned or his sentence invalidated to permit Plaintiff to bring claims pursuant to § 1983 that necessarily call into question the validity of Plaintiff's conviction or sentence. *Id.* at 10. Magistrate Judge Dancks then recommended that this Court dismiss Plaintiff's § 1983 claims without leave to amend because allowing Plaintiff an opportunity to amend would be futile "both because of the bar imposed by the statute of limitations, and the bar imposed by *Heck*, absent a future invalidation of Plaintiff's conviction or sentence." *Id.* at 10-11.

Regarding Plaintiff's New York State constitutional claims, Magistrate Judge Dancks "recommend[ed] that [this Court] decline to exercise supplemental jurisdiction over Plaintiff's state law claims without prejudice subject to refiling in state court and to reconsideration in the event [this Court] does not accept" her Order and Report-Recommendation. *Id.* at 11. Magistrate Judge Dancks also denied Plaintiff's motions for the appointment of counsel and default judgment, explaining that Defendants have not yet been served with Plaintiff's complaint as it has not yet passed the initial review stage. *Id.* at 11-12.

Subsequent to the filing of Magistrate Judge Dancks' Order and Report-Recommendation, Plaintiff submitted a letter to this Court in which he claims that Magistrate Judge Dancks' refusal to grant either a default judgment or a wrongful imprisonment hearing is in error. Dkt. No. 20 at 1. Plaintiff has not otherwise objected to Magistrate Judge Dancks' Order and Report-Recommendation.

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "the court has the duty to show liberality towards *pro se* litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However,

3

when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Dancks' Order and Report-Recommendation, Plaintiff's submissions, and the applicable law, the Court finds that Magistrate Judge Dancks correctly recommended that the Court should dismiss Plaintiff's complaint. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be

4

stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). However, as set out in Magistrate Judge Dancks' Order and Report-Recommendation, leave to amend in the current case would be futile due to the statute of limitations bar and the bar imposed by *Heck*. *See* Dkt. No. 11 at 10-11. Accordingly, the Court adopts Magistrate Judge Dancks' recommendation that Plaintiff's claims be dismissed without leave to amend.

Furthermore, Judge Dancks' Order and Report-Recommendation correctly informed Plaintiff that "Defendants have not been served with the Complaint and have no present obligation to respond to it." Dkt. No. 11 at 12. The Court adopts Magistrate Judge Dancks' reasoning in her Order and Report-Recommendation in regard to Plaintiff's earlier requests for default judgment, *see id.*, and accordingly denies Plaintiff's motion for default judgment.

In light of the foregoing, the Court hereby

**ORDERS** that Magistrate Judge Dancks Order and Report-Recommendation (Dkt. No. 11) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED** as follows:

(1) Plaintiff's § 1983 claims are dismissed without leave to amend as barred under *Heck v. Humphrey*, 512 U.S. 447 (1993), and the applicable statute of limitations, and for failure to state a claim; and

(2) the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims under Article 1, § § 6 and 11 of the New York State Constitution; and the Court further

**ORDERS** that Plaintiff's motion for a default judgment and hearing (Dkt. No. 20) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 25, 2015
      Albany, New York

Mae A. D'Agostino
U.S. District Judge